**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Bundy Auger Mining, Inc.,**
**Employer Below, Petitioner**

**vs.)    No. 21-0854**    (BOR Appeal No. 2056530)
(Claim No. 2019005611)

**Kevin Owens,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Bundy Auger Mining, Inc., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Kevin Owens filed a timely response.[1] The issue on appeal is permanent partial disability. The claims administrator granted a 4% permanent partial disability award on June 28, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its March 19, 2021, Order. The Order was reversed by the Board of Review on September 23, 2021, which instead granted an 8% permanent partial disability award. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Owens, an electrician, injured his lower back on September 5, 2018, in the course of his employment. The claim was held compensable for lumbar sprain on September 19, 2018. Lumbosacral radiculopathy, thoracic spine pain, cervicothoracic radiculopathy, and muscle spasms were denied as compensable conditions.[2]

Mr. Owens underwent two independent medical evaluations to determine his permanent impairment. On June 6, 2019, David Soulsby, M.D., assessed 7% impairment from Table 75 of the American Medical Association's *Guide to the Evaluation of Impairment*, (4th ed. 1993) and 20% for range of motion loss. He then placed Mr. Owens in Lumbar Category II from West Virginia Code of State Rules § 85-20-C and adjusted the rating to 8%. Dr. Soulsby then

---

[1]Petitioner, Bundy Auger Mining, Inc., is represented by Lisa Warner Hunter, and respondent, Kevin Owens, is represented by Reginald D. Henry.

[2]On April 18, 2019, and April 24, 2019, the claims administrator denied Mr. Owens's requests for thoracic spine treatment and denied the addition of lumbosacral radiculopathy, thoracic spine pain, cervicothoracic radiculopathy, and muscle spasm to the claim. The Office of Judges affirmed the claims administrator's decisions on January 17, 2020.

apportioned half of the impairment for preexisting significant degenerative disc disease and assessed 4% whole person impairment for the compensable injury.[3]

Michael Kominsky, D.C., performed an independent medical evaluation on June 10, 2020. He found 5% impairment from Table 75 of the AMA *Guides* and 5% impairment for range of motion loss for a total of 10% lumbar spine impairment. Dr. Kominsky placed Mr. Owens in Lumbar Category II from West Virginia Code of State Rules § 85-20-C and adjusted the rating to 8%. Dr. Kominsky declined to apportion his impairment rating.

In an October 9, 2020, addendum, Dr. Soulsby stated that he disagreed with Dr. Kominsky's finding that 100% of Mr. Owens's impairment was the result of the work injury. Dr. Soulsby noted that Mr. Owens had x-rays and an MRI showing severe degenerative disc disease and spinal stenosis shortly after the injury occurred.[4] He explained that such changes are the result of degenerative processes which take many years to progress to the level seen in Mr. Owens's diagnostic images. Dr. Soulsby asserted that it is not possible that the conditions developed as a result of the September 6, 2018, work injury. Further, because the conditions affect range of motion, apportionment is required.

The Office of Judges affirmed the claims administrator's grant of a 4% permanent partial disability award. It found that Dr. Soulsby's opinion and impairment findings were entitled to more evidentiary weight than those of Dr. Kominsky. The Office of Judges relied on Dr. Soulsby's addendum in which he explained that Mr. Owens's degenerative changes were severe enough to cause range of motion restrictions and, therefore, require apportionment.

The Board of Review reversed the Office of Judges' order and instead granted Mr. Owens an 8% permanent partial disability award. It found that there was no evidence of range of motion impairment prior to the compensable injury and no evidence that Mr. Owens had difficulty performing his work or daily activities. The Board of Review found that Mr. Owens suffered a back injury approximately thirty years prior, received conservative treatment, and returned to work within two months. It found no evidence that Mr. Owens suffered any permanent impairment from the injury. The Board of Review concluded that Dr. Soulsby's apportionment of half of Mr. Owens's impairment for preexisting degenerative changes was not supported by the record. It therefore granted Mr. Owens an 8% permanent partial disability award.

---

[3]Permanent partial disability shall be awarded only in the amount that would have been allowable had the employee not had the pre-existing impairment. West Virginia Code § 23-4-9b. Therefore, when a claimant has preexisting, nonrelated impairment, that impairment must be subtracted from the total impairment assessed.

[4]On September 11, 2018, a lumbar x-ray showed multilevel lumbar degenerative disc and joint disease. An October 25, 2018, lumbar MRI showed severe stenosis at L4-5 with bilateral foraminal encroachment, moderate stenosis at L5-S1 with bilateral foraminal encroachment and disc extrusion, degenerative disc disease and bulging at L3-4 with mild encroachment. At T10-11 and T11-12, there was degenerative disc and joint disease.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision effectively represents a reversal of a prior order of either the Workers' Compensation Commission or the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. *See* W. Va. Code § 23-5-15(c) & (e). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning and conclusions of the Board of Review. Though the claimant had a prior back injury, such injury was thirty years prior to the compensable injury and the claimant recovered from that injury after conservative treatment. There is no evidence that he suffered from any symptoms prior to the compensable injury. Therefore, the Board of Review committed no error in finding Dr. Soulsby's apportionment of half of the impairment to be unsupported by the record.

Affirmed.

**ISSUED: September 14, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn